UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62478-BLOOM/Valle

WEATHERBY LOCUMS, INC.,

    Plaintiff,

v.

LOWER BUCKS PEDIATRICS, P.C.
and MARGIOTTI & KROLL
PEDIATRICS, P.C.,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Weatherby Locum Inc.'s ("Plaintiff" or "Weatherby") Motion for Default Final Judgment, ECF No. [22] (the "Motion"). A Clerk's Default, ECF No. [20] was entered against Defendant Lower Bucks Pediatrics, P.C. ("Defendant" or "LBP") on November 15, 2019, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. ECF No. [12]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

On October 4, 2019, Defendant Margiotti & Kroll Pediatrics, P.C. removed this case, in which Plaintiff asserts claims for breach of contract, account stated, *quantum meruit*, and open account. *See* ECF No. [1-1] ("Complaint"). On October 28, 2019, the Court entered an order dismissing Plaintiff's claims against Defendant Margiotti & Kroll Pediatrics, P.C. without prejudice, and thus only the claims against LBP remain. ECF No. [16].

In the Complaint, Plaintiff states that it is in the business of providing or placing physicians with medical providers on a locum tenens or temporary basis. ECF No. [1-1] ¶ 16. LBP is a medical practice with an office in Yardley, Pennsylvania that was in need of a physician to temporarily provide clinical services to patients. *Id.* ¶¶ 5, 17. As a result, LBP entered into an agreement with Weatherby for placement of such a physician. *Id.* ¶ 17. According to the agreement, Weatherby was to locate, provide, and compensate the physician providing services to LBP's patients, and in exchange, Weatherby was to be compensated for the physician's services on an hourly basis, and paid for the physician's expenses such as mileage. *Id.* ¶¶ 24-25. Weatherby compensated the physician according to the agreement, and submitted invoices for payment from LBP. *Id.* ¶¶ 26, 33. LBP has failed to pay an outstanding balance of $75,697.17 due and owing to Weatherby. *Id.* ¶ 36. As of the date of this Order, Defendant has not responded to the Complaint or otherwise appeared in this action.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La*

*Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III. DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. Plaintiff brings claims for breach of contract, account stated, *quantum meruit*, and open account arising from Defendant's failure to pay the amount of outstanding invoices resulting from Plaintiff's performance pursuant to the parties' agreement. By default, Defendant has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendant.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiff seeks damages in the amount of $75,697.17, and in support of the claim, submits an affidavit from Steve Riding, the Manager of Client Receivables of Plaintiff's parent company, CHG Companies, Inc. ECF No. [22-1]. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds that a hearing on damages is unnecessary and the requested amount of damages is justified.

## IV. CONCLUSION

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Default Final Judgment, **ECF No. [22]**, is **GRANTED**;

2. Plaintiff is entitled to damages in the amount of $75,697.17, in addition to prejudgment interest pursuant to Section 8(A) of the parties' agreement, ECF No. [22-1] at 6-18;

3. Pursuant to Rule 58(a), Fed. R. Civ. P., a Final Default Judgment in favor of Plaintiff and against Defendant shall follow in a separate order;

4. A corporate representative for LBP shall complete under oath Florida Rule of Civil Procedure Form 1.977(b) (Corporate Fact Information Sheet), which is required under Florida Rule of Civil Procedure 1.560(a) and made applicable under Federal Rule of Civil Procedure 69(a)(2). The corporate representative shall return the completed forms, including all required attachments, to Plaintiff's attorney, Mark J. Ragusa, Esq., Gunster, Yoakley & Stewart, P.A., 401 E. Jackson Street, Suite 2500, Tampa, FL 33602 within forty-five (45) days from the date of the Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.

**DONE AND ORDERED** in Chambers at Miami, Florida on December 2, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record